# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ERICKSON SILVEIRA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | _____ |
| **BRANCHWATER ALA PARTNERS, LLC; and BROOKSIDE PROPERTIES, INC.** | ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COME NOW Defendants Branchwater ALA Partners, LLC and Brookside Properties, Inc. ("Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, and file this Notice of Removal removing this matter from the Circuit Court of Jefferson County, Alabama, where it is now pending, to the United States District Court for the Northern District of Alabama, Southern Division. Such removal is expressly subject to, and Defendants expressly reserve and do not waive, any and all responses, defenses, and affirmative defenses to the Complaint filed by Plaintiff Erickson Silveira ("Plaintiff" or "Silveira"). In support of this Notice of Removal, Defendants show unto the Court the following:

## TIMELINESS OF REMOVAL

1. On April 13, 2020, Plaintiff filed a civil action in the Circuit Court of Jefferson County, Alabama, entitled *Erickson Silveira v. Branchwater ALA Partners, LLC and Brookside Properties, Inc.*, Case No. 01-2020-CV-901386. Plaintiff's Complaint asserts claims for negligence/wantonness, breach of contract, "negligence: res ipsa loquitor," and "negligence: repair."

2. Plaintiff served Defendants by certified mail on April 24, 2020. A true and correct copy of the summons and Complaint, along with "all [remaining] process, pleadings, and orders served upon" Defendants to date are attached hereto as Exhibit A. 28 U.S.C. § 1446(a).

3. From the face of the Complaint, the amount in controversy cannot be ascertained. Defendant's removal notice is timely because, as set forth below, it is filed within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

4. On June 11, 2020, Defendant Brookside Properties, Inc. ("Brookside") served Plaintiff with Brookside's First Interrogatories and Requests for Admission. A copy of Brookside's First Interrogatories and Requests for Admission is attached hereto as Exhibit B. Plaintiff failed to respond to Defendant's Requests for

Admission within the 30 days prescribed by Alabama law. *See* Ala. R. Civ. P. 36. On July 15, 2020, Defendants filed a Motion to Deem Admitted the Requests for Admission included in Brookside's First Interrogatories and Requests for Admission with the state trial court. A copy of Brookside's Motion to Deem Admitted is attached hereto as Exhibit C. On August 3, 2020, the trial court issued an Order stating that Brookside's Requests for Admission to Plaintiff were deemed admitted based on Plaintiff's failure to respond. The trial court's Order is attached hereto as Exhibit D. Thus, on August 3, 2020, Defendant's Requests for Admission were deemed admitted pursuant to the *Alabama Rules of Civil Procedure* and the trial court's Order. *See*, *e.g.*, *Kwasigroh v. Kwasigroh*, 209 So. 3d 520, 524 (Ala. Civ. App. 2016) ("On October 28, 2014, the trial court entered an order granting the mother's motion to deem admitted her requests for admissions. Thus, the mother's requests for admissions were deemed conclusively established.") The trial court's Order deeming admitted Brookside's Requests for Admission is an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).[1] *See Enterline v. Sears, Roebuck and Co.*, No. 2:08-cv-221-JES-DNF, 2008 WL 1766911, at *2-3 (M.D. Fla. Apr. 15,

---

[1] To eliminate any doubt as to the timeliness of Defendants' removal, this Notice of Removal is submitted within 30 days of both the date Brookside's Requests for Admission were "deemed admitted" by operation of Alabama law *and* receipt of the state trial court's Order conclusively establishing those matters as admitted.

2008). This Notice of Removal is timely because it is filed within thirty (30) days after receipt of this "order or other paper."

5. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, as required by law. *See* 28 U.S.C. § 1446(d).

## VENUE AND INTRADISTRICT ASSIGNMENT

6. The Circuit Court of Jefferson County, Alabama is located within the Northern District of Alabama. 28 U.S.C. § 81(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

7. The state court action that Defendants remove is pending in the Circuit Court of Jefferson County, Alabama. Therefore, assignment to the Southern Division is appropriate. 28 U.S.C. § 81(a)(3).

## DIVERSITY JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332(a)(1). This is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendants Brookside Properties, Inc. and Branchwater ALA Partners, LLC ("Branchwater"), and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

9. <u>Complete Diversity</u>.   The diversity requirement of § 1332(a) is satisfied here because the action is between citizens of different states.

  a. Plaintiff is a resident and citizen of the state of Alabama. (Compl. ¶ 1.)

  b. Defendant Brookside is a Tennessee corporation with its principal place of business at 2002 Richard Jones Road, Nashville, Tennessee 37206. (Affidavit of Lisa Francis ("Francis Aff."), attached as Exhibit E, at ¶ 3.) Therefore, Defendant is a citizen of the state of Tennessee. *See* 28 U.S.C. § 1332(c)(1).

  c. Defendant Branchwater is a limited liability company. (Francis Aff. at ¶ 4.) "Limited liability companies are considered 'a citizen of any state of which a member of the company is a citizen.'" *Pitts v. Ram Partners, LLC*, No. 3:18-cv-00028-SRW, 2018 WL 5786219, at *4 (M.D. Ala. Nov. 5, 2018). Branchwater has one member: Alabama Apartment Partners, LLC ("AAP"). AAP has 38 members. (Exhibit A to Francis Aff.) All of AAP's members are either citizens of Tennessee, citizens of Texas, or citizens of Florida; none of AAP's members are citizens of Alabama.[2] (Francis Aff. at ¶ 4.) Thus, Branchwater is a citizen of Tennessee, Texas, and Florida.

  d. There is complete diversity in this case.

---

[2] To the extent the Court requires further clarification as to AAP's membership in order to establish complete diversity, Defendants can provide additional evidentiary support.

10. <u>Amount in Controversy</u>.  Pursuant to 28 U.S.C. § 1332(a), when there is complete diversity, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

    a. In the Complaint, Plaintiff requests unspecified compensatory damages in an amount to be determined by jury. (Compl.) Defendants could not ascertain from the Complaint the extent of Plaintiff's purported damages or the amount in controversy.

    b. On June 11, 2020, Defendant Brookside served on Plaintiff the following Requests for Admission directed to the amount in controversy:

        1. Admit that you are a resident of the State of Alabama.

        2. Admit that you reside in Jefferson County, Alabama.

        3. Admit that the total amount of damages you seek in this lawsuit, exclusive of interest and costs, exceeds $75,000.

        4. Admit that Plaintiff is seeking compensatory damages in excess of $75,000.

        […]

        7. Admit that Plaintiff is seeking punitive damages in excess of $75,000.

        […]

(*See* Exhibit B.)

      c.      On July 16, 2020, after the deadline for Plaintiff's responses passed, Defendants filed a "Motion to Deem Requests Admitted" directed toward the Requests for Admission served on Plaintiff by Defendant Brookside. *See* Exhibit C. The state trial court set a hearing on Defendants' Motion for August 3, 2020. At the hearing, Plaintiff's counsel indicated Plaintiff did not oppose the Requests being deemed admitted. After the hearing, the state trial court entered an Order deeming admitted conclusively each of Brookside's Requests for Admission. (Exhibit D.)

      d.      Thus, per the state court's Order, Plaintiff admitted that he is seeking more than $75,000, exclusive of interest and costs, and admitted that the amount in controversy in this case exceeds $75,000, exclusive of interests and costs.

      e.      The trial court's order of August 3, 2020, is an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See Enterline v. Sears, Roebuck and Co.*, No. 2:08-cv-221-JES-DNF, 2008 WL 1766911, at *2-3 (M.D. Fla. Apr. 15, 2008) ("The Court concludes that the February 28, 2008 Order [deeming defendant's requests for admission admitted upon plaintiff's failure to respond] was the first 'order or other paper' from which it could be ascertained that the case was removable."); *see also* 28 U.S.C. § 1446(b)(3). This Notice of Removal was filed within 30 days of the state trial court's August 3, 2020 Order. Therefore, this matter is timely removed.

    11.    Both Brookside and Branchwater consent to and join in this removal.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendants Branchwater ALA Partners, LLC and Brookside Properties, Inc. pray that further proceedings in the Circuit Court of Jefferson County, Alabama be discontinued and that this suit be removed to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully submitted,

*/s/Kimberly W. Geisler*
Kimberly W. Geisler
Ethan A. Wilkinson
*Counsel for Defendants*
*Brookside Properties, Inc. and*
*Branchwater ALA Partners, LLC*

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone:  (205) 251-2300
Facsimile:  (205) 251-6773
Email:        kgeisler@scottdukeslaw.com
                  ewilkinson@scottdukeslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2020, I filed the foregoing using the CM/ECF system. I further certify that I served the foregoing on all counsel of record via certified U.S. Mail, postage pre-paid, addressed as followed:

H. Arthur Edge, III, Esq.
ARTHUR EDGE, III, P.C.
2320 Highland Avenue South
Birmingham, Alabama 35205

                                       */s/ Kimberly W. Geisler*
                                       Of Counsel